**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000193
19-SEP-2022
07:51 AM
Dkt. 54 SO**

NO. CAAP-20-0000193


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


SCOTT DANIELSON, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO.  2PR141000002(3); 2PC960000686(3))


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Petitioner-Appellant Scott Danielson (**Danielson**) appeals from the Findings of Fact, Conclusions of Law, and Order entered by the Circuit Court of the Second Circuit (**Circuit Court**) on January 15, 2020 (**Rule 40 Order**).[1]  The Rule 40 Order granted in part and denied in part Danielson's Hawaiʻi Rules of Penal Procedure (**HRPP**) Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed April 4, 2014 (**Rule 40 Petition**), and Amendment to HRPP Rule 40 Petition, filed August 11, 2015 (**Amended Rule 40 Petition**; collectively, the **Petitions**).[2]

---

[1]    The Honorable Joseph E. Cardoza presided.

[2]    On February 14, 2020, the Circuit Court entered an Order of Correction concerning the Rule 40 Order.  However, no point of error or argument is raised concerning the Order of Correction.

Danielson raises three points of error on appeal, contending that: (1) the Circuit Court erred in denying the Petitions without a hearing; (2) Danielson received ineffective assistance of counsel at the conclusion of his direct appeal; and (3) the Circuit Court failed to refer Danielson to the Office of the Public Defender (**OPD**) for evaluation of his eligibility for appointment of counsel pursuant to HRPP Rule 40(i).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Danielson's contentions as follows:

"[T]he issue whether the trial court erred in denying a Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed *de novo*; thus, the right/wrong standard of review is applicable." Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994). Determination of whether a petitioner raised a colorable claim, and therefore is entitled to representation in a HRPP Rule 40(f) hearing, is a question of law that is reviewed *de novo*. Id.; see also Rapozo v. State, 150 Hawaiʻi 66, 79, 497 P.3d 81, 94 (2021).

(1) Danielson makes no discernable argument in support of his first point of error, other than the bald assertion of error in denying the Petitions without a hearing. Thus, the first point of error appears to be waived. See Kahoʻohanohano v. Dep't of Hum. Servs., 117 Hawaiʻi 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (stating that the supreme court will "disregard a particular contention if the appellant makes no discernible

argument in support of that position") (citations, internal quotation marks and brackets omitted); Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) ("[p]oints not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented"); HRAP Rule 28(b)(7) ("[p]oints not argued may be deemed waived").

We nevertheless note that HRPP Rule 40(f) states:

> **(f) Hearings.  If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing** which may extend only to the issues raised in the petition or answer.  However, the court **may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support** either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

(Emphasis added).

It further appears from the Rule 40 Order that the Circuit Court concluded that only grounds one, two, and five of the Rule 40 Petition, and the three grounds raised in the Amended Rule 40 Petition, were "patently frivolous and without a trace of support" either in the record or from other evidence submitted by Danielson, and that grounds three and six of the Rule 40 Petition merited some relief.  Under such circumstances, HRPP Rule 40(f) mandated a hearing, unless one of the exceptions to the requirement of a hearing applied.  However, in the absence of an argument or citation to the record concerning the application of HRPP Rule 40(f) in this case, and having determined that no basis for a plain error review appears in the record, we conclude that this issue is waived.

(2) Danielson makes no discernible argument concerning his second point of error, either in the Petitions or on appeal. We decline to conduct a plain error review of this issue, particularly in light of the absence of arguments and/or authorities supporting relief. Danielson's second point of error is deemed waived.

(3) In his final point of error, Danielson invokes HRPP Rule 40(i), which provides:

> **(i) Indigents.** If the petition alleges that the petitioner is unable to pay the costs of the proceedings or to afford counsel, the court shall refer the petition to the public defender for representation as in other penal cases; provided that no such referral need be made if the petitioner's claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner.

(Emphasis added).

It is undisputed that Danielson claimed to be indigent and requested a referral for representation, and none was granted until after the Circuit Court ruled on the Petitions. The Hawaiʻi Supreme Court has interpreted the emphasized language as meaning, "if an indigent petitioner raises a 'colorable claim' in an HRPP Rule 40 petition, they are entitled to representation on the petition in an HRPP Rule 40(f) hearing." Rapozo, 150 Hawaiʻi at 79, 497 P.3d at 94 (emphasis added).

It appears that issues presented in grounds three and six of the Rule 40 Petition raised colorable claims for relief. Danielson does not argue on appeal that any of the other grounds raised in the Petition constituted colorable claims for relief. While some relief was granted to Danielson in the Rule 40 Order, and counsel was appointed after the Circuit Court entered the Rule 40 Order, we conclude that Danielson was nevertheless

4

entitled to earlier representation on the Petitions with respect to his colorable claims for relief.  Thus, the Circuit Court erred in failing to refer the Petitions to OPD for representation.

As the Circuit Court declined to state that the decisions challenged in grounds three and six were either erroneous or correct, but nevertheless remanded them to the Hawaiʻi Paroling Authority, we cannot conclude that lack of representation constituted harmless error.

For the foregoing reasons, the Circuit Court's January 15, 2020 Rule 40 Order is vacated with respect to grounds three and six and affirmed in all other respects.  This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, September 19, 2022.

On the briefs:

John F. Parker,
(Law Office of John F. Parker,
LLC.),
for Petitioner-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge